UNITED STATES of America, Plaintiff,

v.

Stephen Richard CHAPMAN, Defendant.

No. CR 1 80–39–1–2.

United States District Court,
S. D. Ohio, W. D.

Oct. 10, 1980.

Terry W. Lehmann, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Matthew J. Crehan, Hamilton, Ohio, for defendants.

## MEMORANDUM DECISION
## DEFENDANT'S MOTION
## FOR SEPARATE TRIAL

SPIEGEL, District Judge.

Defendant, Stephen Richard Chapman, filed a motion for a separate trial from his codefendant, Robert Scott Chapman, alleging, pursuant to Rule 14, Fed.R.Cr.P., that if his trial remains joined with that of his codefendant, he will suffer prejudice.

Clearly the initial joinder of the defendants for trial was proper, as they are alleged to have participated in the same act, a bank robbery. Rule 8(b), Fed.R.Cr.P. Although joinder is proper, if it appears that it may result in prejudice to a defendant, Rule 14 provides that the defendant may be granted a separate trial at the court's discretion. Fed.R.Cr.P.

In his memorandum in support of his motion for a separate trial, defendant argues that he will be prejudiced by joinder for several reasons: the evidence against his codefendant is substantially greater than the evidence against him; his codefendant will be positively identified as one of the bank robbers at trial where he may not; statements by his codefendant will be prejudicial to him; a document which will be introduced in evidence against his codefendant will contain incriminating statements as to him; and, possible *pro se* representation by his codefendant will prejudice his right to a fair trial.

█ As to defendant's first contention, the law is clear that a defendant is not automatically entitled to severance because the evidence against a codefendant is more damaging than the evidence against him. See, e. g., *United States v. Fuel*, 583 F.2d 978, 988 (8th Cir.) *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1978). When the jury is instructed that they must weigh the evidence against each defendant separately, the defendant will be protected from being convicted on the total accumulation of the evidence. 583 F.2d at 988. Likewise, should government witnesses in fact fail to identify the defendant at trial, these same principles also mitigate against prejudice to the defendant from guilt by association.

█ As to prejudice to the defendant from statements by and a document admitted against his codefendant, the circumstances at this time do not indicate that defendant will suffer any prejudice thereby. Codefendant's counsel has indicated that his client will take the stand in his own defense. Consequently, defendant will be able to cross-examine him thoroughly as to any incriminating statements he may make regarding defendant. This would also be true as to incriminating statements in the document which defendant objects to in the event it is found to be admissible at trial. The ability to cross-examine his codefendant as to such statements would ordinarily serve to dispel any prejudice as envisioned by *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *United States v. Brady*, 579 F.2d 1121 (9th Cir. 1978) *cert. denied* 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979), *United States v. Parnell*, 581 F.2d 1374 (8th Cir. 1978) *cert. denied*, 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 44 (1979). Moreover, even should the document be admitted, it is still possible to cure any prejudice which might result by eliminating from it all reference to the defendant and cautioning the jury as to its use in their determination of defendant's guilt. *Hodges v. Rose*, 570 F.2d 643 (6th Cir.) *cert. denied* 436 U.S. 909, 98 S.Ct. 2244, 56 L.Ed.2d 408 (1978).

█ Finally, it is not clear to the court to what extent defendant's codefendant wishes to conduct his own defense. Should a *pro se* defense by his codefendant result in prejudice to the defendant, severance may be a proper remedy. *United States v. Dougherty*, 473 F.2d 1113 (D.C.Cir.1972). If such prejudice should appear, the Court is aware of its continuing ability to grant severance at such time. *United States v. Leonard*, 494 F.2d 955 (D.C.Cir.1974).

However, the court finding no prejudice to the defendant at this time, finds that his motion to separate his trial from that of his codefendant should be, and hereby is, overruled.

SO ORDERED.